UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHRISTOPHER DALE MCCARTY,<br><br>                Petitioner,<br><br>   v.<br><br>REGIONAL JUSTICE CENTER,<br><br>                Respondent. | CASE NO. C16-1330JLR<br><br>**REPORT AND RECOMMENDATION** |

## INTRODUCTION

Pro se petitioner Christopher Dale McCarty filed a proposed 2254 habeas petition on August 19, 2016. Dkt. 1. The petition was dismissed without prejudice for failure to exhaust state-court remedies on October 3, 2016.[1] Dkt. 7. More than four months later, petitioner moves the Court to "amend and reopen" the matter for further consideration. Dkt. 9. The motion was referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rules MJR 3 and 4. Having considered petitioner's motion and the balance of the record, the Court recommends the motion, Dkt. 9, be **DENIED**.

---

[1] The Court's Order of Dismissal also struck petitioner's application to proceed in forma pauperis as moot and denied issuance of a certificate of appealability. Dkt. 7.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

Motions to reopen cases are considered either under Federal Rule of Civil Procedure 59(e) or 60. Because Rule 59(e) motions to alter or amend the judgment must be brought within 28 days after entry of a judgment, that rule is inapplicable here. Rule 60(b) motions, however, must be brought within a "reasonable time" (but usually no more than a year) after entry of a judgment and order. Fed. R. Civ. P. 60(c). Rule 60(b)[2] provides:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Petitioner's motion does not satisfy any of the requirements listed in Rule 60(b): there is no allegation of mistake, new evidence, fraud, error, or any other valid basis justifying the relief petitioner seeks. This is true even under Rule 60(b)(6) — the "catchall" portion of Rule 60(b) — that applies when the reason for granting relief is not covered by any of the other reasons set forth in Rule 60. *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 790 (9th Cir. 2010). "It has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or

---

[2] Rule 60(a) is not applicable because it applies only where corrections are necessary based on clerical mistakes, oversight, or omissions by the Court.

REPORT AND RECOMMENDATION - 2

correct an erroneous judgment." *Id.* (internal quotation marks omitted). To reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding . . . in a proper fashion." *Id.* (internal quotation marks omitted). The instant motion fails to do so. Instead, the motion appears to litigate the merits of petitioner's habeas petition by challenging the duration of his confinement. Dkt. 9.

In its first Report and Recommendation (adopted by Order at Dkt. 7), the Court advised petitioner that "[a] federal district court may consider the merits of a habeas petition only if the petitioner can show that his state judgment and conviction violate his federal constitutional rights and only after he has fully and fairly presented the alleged violations to the Washington State Supreme Court." Dkt. 5 at 1-2 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Davis v. Silva*, 511 F.3d 1005, 1008 (9th Cir. 2008) (habeas relief not available where petitioner has not appealed his federal constitutional violations to the highest state court)). Based on petitioner's proposed 2254 habeas petition, the Court found the petition premature because there was yet no conviction, judgment, sentence, or appeal in the case being challenged. Dkt. 5 at 2 (citing Dkt. 1 at 1). In short, not only had petitioner not exhausted his administrative remedies, but the underlying criminal case had not concluded at the trial court level. The Court therefore recommended dismissal without prejudice, and advised petitioner that he could file a *new* federal habeas petition challenging his conviction and sentence only after he fully and fairly presented all of his claims to the state courts, including the Washington State Supreme Court.

Petitioner is not absolved of these requirements upon seeking to reopen his case. Nevertheless, petitioner's motion now before the Court makes no effort to cure his previous deficiencies, and at best, suggests that the underlying criminal action is currently on appeal before Division 1 of the Washington State Court of Appeals. Dkt. 9 at 1. Indeed, the motion

REPORT AND RECOMMENDATION - 3

appears to be duplicative of a petition petitioner recently filed in his case on appeal. *See, e.g.,* Dkt. 9 at 1 (directing the Clerk to "please file Division 1 Court of Appeals.").

The Court concludes petitioner has offered no reason for this Court to relieve him from the Court's previous order dismissing his case without prejudice. The Court therefore recommends that the motion be **DENIED.**

## CONCLUSION

Because petitioner's motion to reopen his case suffers from the same deficiencies as did his original habeas petition, and because he offers no grounds pursuant to Rule 60(b) for reopening or amending the Court's final Order and judgment, the Court recommends petitioner's motion, Dkt. 9, be **DENIED**.

Any objections to this Recommendation must be filed no later than **Friday, March 17, 2017**. The matter will be ready for the Court's consideration on **Monday, March 20, 2017** and the Clerk should so note the matter. Objections shall not exceed five pages. The failure to timely object may affect the right to appeal.

DATED this 23rd day of February, 2017.

BRIAN A. TSUCHIDA  
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4